COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

BRUCE HENRY

v.          Record No. 1556-95-4          MEMORANDUM OPINION[*]
                                              PER CURIAM
PROFESSIONAL BUILDING MAINTENANCE        DECEMBER 19, 1995
AND
NATIONWIDE MUTUAL INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Bruce Henry, pro se, on brief).

No brief for appellees.


Bruce Henry (claimant) contends that the Workers' Compensation Commission (commission) erred in denying his motion to quash the request of Professional Building Maintenance (employer) for claimant to submit to an independent medical examination (IME) by Dr. Herbert E. Lane, Jr., an orthopedic surgeon, on May 16, 1995.  Specifically, claimant contends that the commission erred in finding that the IME was reasonable and necessary pursuant to Code § 65.2-607.  Upon reviewing the record and claimant's brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

Claimant sustained a compensable back injury on March 24, 1986.  Since this injury, David B. Dolburg and Ross H. Weinberg, chiropractors, have provided treatment to claimant.  Claimant

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

underwent an IME by Dr. Herbert H. Joseph, an orthopedic surgeon, on December 16, 1992. On November 30, 1994, the commission approved employer's request for Jerry Clowers, a chiropractor, to examine claimant. Due to a dispute between claimant and Dr. Clowers concerning witnesses who would be present during the examination, the IME did not take place. Thereafter, employer scheduled the May 16, 1995 IME with Dr. Lane.

As of July 1, 1993, Code § 65.2-607 required an employer to obtain authorization from the commission for more than one IME per medical specialty based upon a showing of good cause or necessity. After considering Code § 65.2-607, the time which had passed since claimant's injury, and the date on which he had last received an IME, the commission ruled that employer's request for an IME with Dr. Lane was reasonable and necessary. Based upon the commission's rationale and upon this record, which, among other things, clearly reveals claimant's ongoing attempts to circumvent the commission's approval of employer's requests for medical examinations, we cannot say that the commission erred in requiring that claimant submit to an IME by Dr. Lane.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>